IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GUY ALMA REAM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S OBJECTION TO ADMISSION OF PERSONAL PHOTOGRAPHY FOR CAUSE OF EXPLOITATION<br><br>Case No. 2:10-CR-688 TS |

This matter is before the Court on Defendant's Objection to Admission of Personal Photography for Cause of Exploitation.[1] The Court will construe the Defendant's Objection as a Motion in Limine.

In his Objection, the Defendant requests that the Court bar the admission of photographic evidence by the Government. Defendant argues that the photographs are irrelevant because the charges alleged against Defendant are charges that do not require physical contact and the

---

[1]Docket No. 108.

1

photographs are not evidence of a verbal threat. Defendant further asserts that the photographs are biased and will prejudice his case.

Defendant first asserts that the photographs in question are irrelevant to the allegations or charges in this case. Federal Rule of Evidence 401 provides the standard for determining whether evidence is relevant. Rule 401 states: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2]

Here, the only photographs the Government has indicated it will seek to introduce depict the Defendant shortly after having allegedly made the threats that are the subject of this case. These photographs are alleged to depict Defendant with his shirt torn off. Defendant's first objection to the photographs is that his appearance is irrelevant to prove a verbal threat, the gravamen of the charge for which he is being prosecuted. The Court finds that the photographs meet the low threshold set out in Rule 401. While the photographs do not speak directly to the verbal threats allegedly made, they are relevant to demonstrate the state of the Defendant at the time the alleged threats were made and the reasonable apprehension that the victim may have felt upon hearing the statements. For this reason, the Court finds that the photographs meet the "any tendency" standard.

Defendant also asserts that the admission of the photographs will instigate bias and prejudice against him in this case. The Court will construe this as an argument that the Court should bar the admission of the photographs because the photographs' "probative value is

---

[2]Fed. R. Evid. 401.

substantially outweighed by the danger of unfair prejudice" under Federal Rule of Evidence 403.[3] The Tenth Circuit has instructed that "[i]n performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."[4] Moreover, "'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"[5]

Here, Defendant is correct in asserting that the photographs in question are potentially prejudicial. The Court cannot find, however, that the evidence is unfairly prejudicial nor that its probative value—discussed in the preceding section—is substantially outweighed by the danger of unfair prejudice. As such, the Court will deny Defendant's Motion. It is therefore

ORDERED that Defendant's Objection to Admission of Personal Photography for Cause of Exploitation (Docket No. 108) is DENIED.

---

[3] Fed. R. Evid. 403.

[4] *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (internal quotations omitted); *see also United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) ("[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly.") (internal quotations omitted).

[5] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) *cert. denied*, 435 U.S. 996 (1978); *see also Bergeson v. Dilworth*, 959 F.2d 245 1992 WL 64887, at *3 (10th Cir. 1992) (unpublished).

DATED   September 26, 2011.

                                     BY THE COURT:

                                     _____

                                     TED STEWART
                                     United States District Judge