IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GUY ALMA REAM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL<br><br><br><br>Case No. 2:10-CR-688 TS |

This matter is before the Court on Defendant's Motion for New Trial.[1] For the reasons set forth below, the Court will deny the Motion.

## I. STANDARD OF REVIEW

Fed.R.Crim.P. 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires . . . ." "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."[2]

---

[1] Docket No. 139.

[2] Fed.R.Crim.P. 33(b)(2).

II. DISCUSSION

Defendant argues that a new trial should be held in this matter because he was precluded from making the following arguments to the jury: (1) a violation of his First Amendment right of freedom of speech; (2) zero physical contact; and (3) Fifth Amendment double jeopardy. Defendant further asserts evidence was improperly admitted by the Court, that there was repetitive and consistent abuse of proceedings, and the trial resulted in a violation of his rights under Article 10 of the Universal Declaration of Human Rights. The Court will address each of the Defendant's asserted grounds for a new trial.

A.   FIRST AMENDMENT

Defendant's first argument is not entirely clear. Defendant asserts that he was "precluded or obstructed from mention of essential and factual and rightful case subject matter of the U.S. constitutional provisions . . . concerning freedom of speech for rightful pursuit of correspondence."[3] Defendant also argues that "[i]n the case present the 'court response' in breach of 'response limitation' (30 days) is essential to the First Amendment 'freedom of speech' (spontaneous statement of free trade)."[4]

The Defendant seems to be asserting that he was not allowed to argue that his actions in collecting his mail were protected by his First Amendment right to Free Speech. The Court would note that it did not prohibit the Defendant from making any appropriate arguments in his Defense with regard to the First Amendment. Indeed, the Court did not restrict the Defendant

---

[3] Docket No. 139, at 1.

[4] *Id.* at 2.

from arguing that his statements were protected by the First Amendment. The only action the Court took with regards to the First Amendment was to instruct the Jury as to the "true threat" exception to First Amendment protection.[5] If the Defendant feels that the Court's instruction did not accurately reflect the law on this point, he may raise this issue on appeal, but he has not provided any basis to warrant a new trial.

B.  ZERO PHYSICAL CONTACT

This Court has previously addressed the Defendant's argument that, because there was no physical contact with the victim, his actions do not satisfy the elements of the charged offense.[6] The Court finds this argument unavailing for the same reasons provided in its previous ruling on this issue.[7] Therefore, Defendant's request for a new trail on this ground will be denied.

C.  DOUBLE JEOPARDY

Defendant asserts that he should have been allowed to argue to the jury that his Fifth Amendment rights were violated because he was subjected to double jeopardy. Prior to trial, this Court ruled that jeopardy did not attach in this case.[8] In a subsequent ruling, this Court forbade Defendant from raising his double jeopardy argument at trial.[9] For the same reasons provided in

---

[5] Docket No. 130, at 22.

[6] *See* Docket No. 71, at 9.

[7] *See id*.

[8] *Id*. at 11-12.

[9] *See* Docket No. 113.

its earlier rulings, this Court finds that Defendant was properly limited from asserting double jeopardy as a defense during the course of trial.

D.  EVIDENCE

    1.  PERJURY

Defendant argues that the testimony of one of the witnesses for the government was contradicted by all other witnesses statements and, thus, is a lie. Defendant argues that the witness committed informal perjury and that the Court abused the trial procedure by allowing the witness's statement. Specifically, the Defendant argues that "these evidentiary errors were inducted by judiciary disregard of court Rule of Evidence 402 concerning impeachment of government's witness [] contradicting elemental fact of spontaneous tantrum, and testimony contrary to all other witnesses statements."[10]

Fed.R.Evid. 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." In considering this language, the Tenth Circuit previously noted that "[t]he rule states simply that 'all relevant evidence is *admissible*.'"[11]

Here, the Defendant does not point to any specific statements by the Government witness. The Court is not persuaded that the Government witness's testimony was irrelevant. Nor is the Court persuaded that the Government witness's testimony should have been found inadmissible

---

[10] Docket No. 139, at 3.

[11] *United States v. Guardia*, 135 F.3d 1326, 1329 (10th Cir. 1998) (emphasis in original).

on any other grounds. Further, the credibility of witnesses is a matter for the jury to determine. The Defendant is free, of course, to appeal any evidentiary ruling made by this Court during the trial proceedings.

2. VOLUNTARINESS

The Defendant also objects to the admission of his statement to the police, "I said she was dead."[12] The Defendant takes issue with this Court's previous ruling that his statement to the police was voluntarily made.[13]

On September 29, 2011, the Court held a hearing to determine the voluntariness of the statement in question. After hearing oral argument, the Court found, upon consideration of 18 U.S.C. § 3501 and binding precedent,[14] that the statement in question was voluntarily made.

The Court is not persuaded that it reached its previous ruling in error. Therefore, the Court finds the Defendant's argument on this ground unavailing.

E. ABUSE OF PROCEEDINGS

Defendant appears to take issue with the majority of the Court's rulings in this case.[15] Defendant is of the opinion that the Court's rulings constitute a repetitive and consistent abuse of proceedings. The Court is not persuaded that its previous rulings were reached in error.

---

[12] Docket No. 139, at 4.

[13] *See* Docket No. 138.

[14] *See id.* at 2-4 (citing 18 U.S.C. § 3501(a) & (e); *United States v. Rith*, 164 F.3d 1323, 1333 (10th Cir. 1999); *United States v. Carrizales-Toledo*, 454 F.3d 1142, 1153 (10th Cir. 2006)).

[15] *See* Docket No 139, at 4-6.

5

Moreover, the Court is not persuaded that a new trial is warranted based on the allegation of a violation of Defendant's rights under Article 10 of the Universal Declaration of Human Rights. The Court, therefore, finds Defendant's arguments on these grounds unavailing.

### III.  CONCLUSION

For the reasons provided above, the Court finds Defendant has failed to demonstrate that the interests of justice require a new trial in this matter.

It is therefore

ORDERED that Defendant's Motion for a New Trial (Docket No. 139) is DENIED. The hearing on this matter, currently set for December 1, 2011, is STRICKEN.

DATED   November 29, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge